UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MICHAEL SHAVERS #378021,

       Plaintiff,

                                  File No. 2:07-CV-173

v.

                                  HON. ROBERT HOLMES BELL

DAVID BERGH, et al.,

       Defendants.
                                  /

**MEMORANDUM OPINION AND ORDER**
**ADOPTING THE REPORT AND RECOMMENDATION**

On October 17, 2007, United States Magistrate Judge Timothy P. Greeley issued a Report and Recommendation ("R&R"), recommending that Plaintiff Michael Shavers's 42 U.S.C. § 1983 prisoner civil-rights action be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A(b), and 42 U.S.C. § 1997e(c), for failure to state a claim. (Dkt. No. 4, R&R.) Plaintiff filed objections to the R&R and a motion to amend his complaint on October 31, 2007. (Dkt. No. 5, Pl.'s Objs.; Dkt. No. 5, Pl.'s Mot. to Am.) Plaintiff's motion to amend his complaint actually states additional objections to the R&R and does not seek to amend his complaint, so the Court will construe Plaintiff's motion to amend his complaint as objections to the R&R.

This Court is required to make a *de novo* review of those portions of an R&R to which specific objections are made, and may accept, reject, or modify any or all of the

Magistrate Judge's findings or recommendations.  28 U.S.C. § 636(b)(1);  Fed. R. Civ. P. 72(b)(3).

Plaintiff's first objection is to the Magistrate Judge's conclusion that Defendants Enterline and Stasewich's use of force was de minimis.  The R&R contains no such conclusion, so Plaintiff's first objection will be denied.

Plaintiff's second objection is to the Magistrate Judge's conclusion that Plaintiff has not alleged more than a de minimis injury.  The R&R states in pertinent part,

> Plaintiff claims that he suffers from neck and back pain as a result of the alleged excessive force.  However, Plaintiff concedes that medical personnel did not find that he suffers from any significant physical injury.  In fact, Plaintiff states that the doctor told him that his pain was all "in his head."

(R&R 6-7.)  In making this objection, Plaintiff does not contend that medical personnel have found that he suffers from any significant physical injury.  Plaintiff does re-state the various complaints he has made to prison medical personnel; however, he does not allege that prison medical personnel ever indicated that his complaints have a clinical basis.  Plaintiff's second objection will be denied because Plaintiff has not alleged any facts contrary to the conclusion stated in the above-quoted language.

Plaintiff's third objection is that he has an alleged physical injury that is more than de minimis based on the threats and other statements made by Defendants.  Harassment and verbal abuse "do not constitute the type of infliction of pain that the Eighth Amendment prohibits."  *Johnson v. Dellatifa*, 357 F.3d 539, 546 (6th Cir. 2004) (citing *Ivey v. Wilson*, 832 F.3d 950, 954-55 (6th Cir. 1987)).  Therefore, Plaintiff's third objection will be denied.

Plaintiff's fourth objection is to the Magistrate Judge's statement, that with respect to Defendants Bergh, Rapelje, and Gerth, "[t]he acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act." (R&R 7 (citing *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002), and *Summer v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004)).) Plaintiff directs the Court to *McHenry v. Chadwick*, 896 F.2d 184, 188 (6th Cir. 1990), for the premise that a correctional officer who observes an unlawful beating may be liable under 42 U.S.C. § 1983 without actively participating in the unlawful beating. Plaintiff's complaint does not allege that Defendants Bergh, Rapelje, and Gerth were present during the alleged unlawful beating; however, Plaintiff's objection would still fail if Plaintiff amended his complaint to allege that Defendants Bergh, Rapelje, and Gerth were present. The Court's denial of Plaintiff's first three objections results in the Court adopting the Magistrate Judge's conclusion that Plaintiff has failed to state a claim with respect to the force that was used on May 29, 2007. If Plaintiff has failed to state a claim that the officers used excessive force, then Plaintiff has also failed to state a claim against any officers who were present but did not intervene. Plaintiff's claim as to the non-intervening officers fails because in the absence of any excessive force, Plaintiff has not alleged any facts that would have required the officers to intervene. Therefore, Plaintiff's fourth objection will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's objections to the Report and

Recommendation and Plaintiff's motion to amend his complaint, which the Court construed as objections to the Report and Recommendation, (Dkt. No. 5) are **DENIED.**

**IT IS FURTHER ORDERED** that the Report and Recommendation (Dkt. No. 4) is **APPROVED** and **ADOPTED** as the opinion of this Court.

**IT IS FURTHER ORDERED** that Plaintiff's other motions (Dkt. Nos. 6, 8) are **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that Plaintiff Michael Shavers's complaint is **DISMISSED** for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A, and 42 U.S.C. § 1997e(c).

**IT IS FURTHER ORDERED** that this dismissal shall count as a **STRIKE** for purposes of 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that the Court finds no good-faith basis for appeal within the meaning of 28 U.S.C. § 1915(a)(3).


Date:    May 22, 2008                /s/ Robert Holmes Bell
                                     ROBERT HOLMES BELL
                                     CHIEF UNITED STATES DISTRICT JUDGE